# GEORGIANNA REDMON
## v.
## CHARLES L. HOLLEY.

EVIDENCE—IMPEACHING—HEARSAY.—After defendant in execution had testified that the ice in question belonged to appellant, witnesses were called to show that on several occasions he had told parties that he was the owner of the ice. *Held*, that such testimony was not admissible as impeaching testimony, because no sufficient foundation for its introduction had been laid. *Held*, further, that it was not competent as independent testimony, because such declarations were not made in the presence and hearing of appellant.

APPEAL from the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 17, 1882.

Mr. ROBERT L. McKINLAY for appellant; that the evidence was incompetent, cited 1 Greenleaf's Ev. Sec. 113; 2 Kent's Com. *625; Amick v. Young, 69 Ill. 542; Cool v. Phillips, 66 Ill. 216.

Messrs. SELLAR & DOLE for appellee; that, in view of all the circumstances of the case, substantial justice has been done, and the verdict ought to stand, cited Walker v. Martin, 59 Ill. 348; Gill v. Crosby, 63 Ill. 190; Stickle v. Otto, 86 Ill. 116.

HIGBEE, P. J. Appellant sued appellee in replevin, to recover the possession of a lot of ice, levied upon and taken into possession of appellee as sheriff of Edgar county, by virtue of an execution against the goods and chattels of one George W. Redmon, father of appellant.

The jury found the property in the defendant in the execution, and judgment was rendered against appellant for costs, from which she appeals to this court.

The first error assigned is that the court admitted improper evidence.

After the defendant in execution had testified that the ice belonged to appellant, appellee called several witnesses, who were permitted, against the objections of appellant, to testify

that said witness, George W. Redmon, had claimed, at different times and places, that he was the owner of the property himself, and when pressed by creditors had stated that he would sell the ice and pay his debts.

No sufficient foundation was laid, by cross-examination of the witness, to render this evidence admissible, for the purpose of impeaching his credibility; nor does it seem to. have been offered or admitted for that purpose, but as independent evidence to prove title in the witness to the property in controversy.

These declarations of the defendant in execution, were not made in the presence and hearing of appellant, or with her knowledge or consent, and were not binding upon her.   As to her, this evidence was hearsay only, and should not have been admitted by the court.

The next error assigned is that the verdict is against the evidence.

The witness, George W. Redmon, testifies, that acting as the agent of appellant, he employed one Harrison to put up the ice, in the winter of 1878-9, and paid for the same with her money.   That the ice-house belonged to his daughter, and the ice was produced from water on her land.   That she received the money used in paying for putting up the ice from the city of Paris, for land sold said city, which had been given to her by her grandfather.   The witness further testified, that he had no interest in the ice, nor in the money used in putting it up.

The only evidence in the record to overcome this positive testimony, is the hearsay evidence above referred to, and the testimony of Harrison, that George W. Redmon did not disclose his agency to him, at the time he employed him to put up the ice, or paid him for his labor.

George W. Redmon was a competent witness, unimpeached, fully informed upon the subject about which he testified, uncontradicted by other competent proof, and we think the jury was not warranted in disregarding his evidence.

The judgment is reversed and the cause remanded.

Reversed.